(No. 1161— )

WILLIAM SCHERNAU, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1927.*

A. E. CAMPBELL, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

It appears that claimant was on the 11th day of December, 1926, working for the Bicker Heating Company of St. Louis, Mo. That he was engaged as a plumber and steamfitter on

the new addition to the Armory Building and University of Illinois. The testimony shows that on said date the claimant went to Sergeant A. O. Cavanaugh who it appears had immediate supervision of the Rifle Range in this part of the Armory Building, and inquired of him if he could do some work in that part of the building and was told that it would be perfectly all right, only that he should let Sergeant Cavanaugh know a short time before he desired to begin the work and it is claimed that Captain Palmer told him that it was perfectly safe. The claimant together with his helper, one McQuay and H. H. Tyrrell the foreman for the contracting heating company, proceeded with the work and the claimant while at his work heard the crack of a rifle and felt a bullet strike him in the leg. From the testimony it would appear that the rifle was discharged by Sergeant Cavanaugh who testified that it was his duty under such conditions to remove the jammed shells.

It is not clear from the records as to exactly how the shot came to be fired. However it does not appear that there is any contradiction that a bullet was fired and that the claimant was hit while in the discharge of his duties and that the claimant had reason to believe that there would be caution exercised sufficient to protect him while at his work. It is alleged that the bullet struck the claimant in the right leg between the knee and the ankle breaking a bone in the complainant's leg and that claimant was obliged to and did enter hospital, and that the claimant further alleges that he suffered considerable pain and suffering on account of said injury as well as loss of time.

The claimant in his declaration admits that he received from the Globe Indemnity Company of Newark, New Jersey, the sum of Ninety-eight ($98.00) Dollars, as compensation under the Workmen's Compensation Act of this State.

It therefore must be assumed that he received on account of this injury, a reasonable adjustment as measured by the Workmen's Compensation Act of the State of Illinois. If the claimant was in the employ of the State working directly under the supervision of the State and was injured, and if he filed his claim in this court, the statute under the Act creating the Court of Claims, would direct this court in the determination of an allowance to follow the rules prescribed

in the Act commonly called The Workmen's Compensation Act, and would it not be reasonable to assume that the allowance would not be greater than the compensation allowed the claimant as admitted by him. It has been the policy of this court to give the same consideration to its own employees who sought relief from this court, the same consideration as if such employee was working for a private corporation or an individual. In the instant case it would appear to this court that the claimant is asking for a consideration greater than would be allowed an ordinary employee of the State.

It is not considered necessary to discuss here the fact of whether or not the Workmen's Compensation Act is sufficiently liberal or otherwise. However it is a measure in the consideration of claims of this character. There is no showing in this record as far as this court can observe that raises any question as to the amount of compensation received by this claimant being inadequate as admeasured by the Workingmen's Compensation Act of this state.

It is therefore considered by this court that this claim be disallowed.